UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States of America, | No. 2:22-cr-00185-KJM-1 |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Sanit Khamthong, | |
| Defendant. | |

The magistrate judge previously ordered defendant Sanit[1] Khamthong released on an unsecured appearance bond subject to Pretrial Service's special conditions. *See* Hr'g Mins. (Jan. 31, 2023), ECF No. 28.  The United States moves to revoke that release order, arguing Mr. Khamthong is a danger to the community and a flight risk.  Mot., ECF No. 32.  The government claims no condition or combination of conditions, including the release conditions proposed, would protect the community or mitigate his flight risk.  *Id.* at 4–5.[2]  Mr. Khamthong opposes the motion.  Reply, ECF No. 35.  This court heard oral argument on March 6, 2023.  *See*

---

[1] The court notes the government refers to Mr. Khamthong as "Sanit," as does the court's case caption, although defense counsel calls Mr. Khamthong, "Santi."  *Compare* Mot. at 1, ECF No. 32 *with* Reply at 2, ECF No. 35.  The parties are directed to file a joint stipulation if the caption should be changed to "Santi Khamthong."

[2] Pagination refers to the original document, not the page numbers applied by the CM/ECF system.

1

Hr'g Mins., ECF No. 50. Alstyn Bennett appeared for the government, and Hannah Labaree represented Mr. Khamthong, who was present with his wife as third party custodian present in the audience. As explained below, having considered the record before the court and the applicable law, the court **denies** the government's motion to revoke the magistrate judge's release order.

## I. BACKGROUND

Mr. Khamthong was indicted in this case on September 8, 2022, and is facing charges of conspiracy to distribute and possess heroin and methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 846, 841(a)(1), distribution of heroin and methamphetamine in violation of 21 U.S.C. § 841(a)(1) and possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). Indictment at 1–3, ECF No.7. After his earlier arrest on a criminal complaint, following his initial appearance, the duty magistrate judge temporarily detained Mr. Khamthong pending a detention hearing, Hr'g Mins. (Aug. 31, 2022), ECF No. 4; following that hearing, the magistrate judge detained him on grounds of both flight risk and danger, Hr'g Mins (Sept. 8, 2022), ECF No. 9. In December 2022, Mr. Khamthong sought bail review but the duty magistrate judge denied his request. Mot., ECF No. 17; Hr'g Mins. (Dec. 15, 2022), ECF No. 21. In January 2023, Mr. Khamthong again sought bail review but this time succeeded in gaining the duty magistrate judge's approval. Mot., ECF No. 25; Hr'g Mins. (Jan. 31, 2023), ECF No. 28; *see also* Release Hr'g Tr. (RT) (Jan. 31, 2023), ECF No. 47. Specifically, the magistrate judge granted release on the condition Mr. Khamthong participate in the Salvation Army Rehabilitation Center program, where he has now resided for more than thirty days. Release Order, ECF No. 33; *see also* Special Conditions, ECF No. 29.

While the government moved promptly for a stay of the magistrate judge's release order, ECF No. 30, and this court granted the stay in a written order, ECF No. 42, by the time this court's order issued, Mr. Khamthong already had been released. The government sought to have its motion heard immediately, ECF No. 43, while the defense requested Mr. Khamthong be allowed to complete the first thirty days of the program before hearing, ECF No. 46. In balancing the interests at stake, the court set the matter for hearing after the thirty days passed. Min. Order (Feb. 14, 2023), ECF No. 48. After hearing, the court granted defense counsel leave to submit a

1  supplemental brief and allowed defendant to return to the Salvation Army Rehabilitation Center.
2  Hr'g Mins. (Mar. 6, 2023), ECF No. 50.  In relevant part, defense counsel's supplemental brief
3  confirms the Center understands its obligations to notify Pretrial Services if Mr. Khamthong
4  either voluntarily leaves or is asked to leave the residential rehabilitation community for failure to
5  comply with its conditions.  *See* Suppl. Br. at 2, ECF No. 53.  Also following hearing, the
6  government provided a supplemental filing in the form of a Yuba County Sheriff Department
7  incident report, seeking to have the report sealed.  *See* Notice, ECF No. 52.  The court approved
8  the request to seal, ECF Nos. 57, 58, and provided defense counsel an additional day to file a
9  response to the report, which is now on file, ECF Nos. 53 at 2, 55.

10       The government argues for revocation of release based on both flight risk and
11  dangerousness grounds.  It points to the pending federal charges against Mr. Khamthong, which
12  raise a rebuttable presumption of flight risk and danger.  Mot. at 3; 18 U.S.C. § 3142(e)(3)(A).  It
13  also stresses Mr. Khamthong's status as a noncitizen of this country, his history of not appearing
14  for court as required, repeated past violations of probation or parole, his validation as a gang
15  member, lack of employment, admitted substance abuse and a 2016 felony conviction for
16  kidnapping.  *See, e.g.*, Mot. at 5.  The Yuba County Sheriff's report the government has filed
17  provides background on the events leading to the case in which Mr. Khamthong was charged.
18  Incident Report, ECF No. 58-1.  While he initially was charged with more serious offenses
19  including rape, the local prosecutor dismissed those charges and Mr. Khamthong pled to the
20  kidnapping charge for which he served his state prison time.  Charge Info., Mem., ECF No. 51-1.
21  Given these aspects of Mr. Khamthong's personal circumstances and criminal history, the
22  government argues his current release on only an unsecured bond, to an unlocked facility where it
23  is not feasible to place him on electronic monitoring, is insufficient to overcome flight risk and
24  danger.  *See, e.g.*, Mot. at 5-6.

25       The defense responds that, while weight of the evidence receives modest weight at this
26  juncture, it is undisputed Mr. Khamthong was not present at two transactions supporting some of
27  the charges against him.  Reply at 3.  Moreover, although charged with conspiracy to distribute
28  methamphetamine, he has not been seen or apprehended in possession of methamphetamine;

3

rather upon his arrest he possessed heroin. *Id.* The defense also notes the government has not provided any evidence to show the factual basis for Mr. Khamthong's state kidnapping conviction, even after providing the Yuba County Sheriff's report. Reply at 4; Second Suppl. Br., ECF No. 55. The defense further argues it is undisputed Mr. Khamthong suffers from a serious, longstanding drug addiction that underpins his criminal history and has never been treated, and the best and perhaps only treatment facility available to him is the Salvation Army program where he now resides. Reply at 4–5. It also says the unsecured bond posted by Mr. Khamthong's wife is sufficient to overcome flight risk and danger. *Id.* at 6. The defense points to the couple's relationship and family finances, as well as the staleness of a prior failure to appear balanced against Mr. Khamthong's more recent release on his own recognizance in the kidnapping case, following which he appeared to enter a plea and be sentenced. *Id.* at 5–6. By the time of the hearing in this case, the defense also presented documentary evidence to the court showing Mr. Khamthong is fully compliant with the Salvation Army program. Addendum, ECF No. 49. As of the issuance of this order, the court has not heard otherwise.

## II. LEGAL STANDARD

"If a person is ordered released by a magistrate judge . . . the attorney for the Government may file . . . a motion for revocation of the order." 18 U.S.C. § 3145(a). The district court reviews *de novo* "the evidence before the magistrate [judge] and makes its own independent determination whether the magistrate [judge]'s findings are correct, with no deference." *United States v. Koenig*, 912 F.2d 1190, 1191, 1193 (9th Cir. 1990). The district court may also receive new evidence and consider that in its *de novo* review, *id.*, as it has done here.

The Bail Reform Act generally favors release of a defendant facing criminal charges. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985) (explaining policy favoring release). "Only in rare cases should release be denied." *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990). However, pretrial detention is appropriate when a defendant poses a flight risk or danger to another person or the community. 18 U.S.C. § 3142(b); *Motamedi*, 767 F.2d at 1406. The court must order pretrial detention if it "finds no condition or combination

of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

The Act provides several factors the court must consider: (1) the nature and circumstances of the charged offense, (2) the weight of the evidence, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community posed by release. *See* 18 U.S.C. § 3142(g); *see also Motamedi*, 767 F.2d at 1407. The person's history and characteristics incorporate a wide range of considerations: "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, [and] record concerning appearance at court proceedings." *United States v. Orozco*, No. 18-0104, 2020 WL 2745694, at *2 (E.D. Cal. May 27, 2020).

The 3142(g) factors vary in significance. At one end, "the weight of the evidence is the least important of the various factors," as pretrial detention does not turn on the person's potential guilt. *Motamedi*, 767 F.2d at 1408. At the other, courts pay close attention to a person's history and characteristics. *See United States v. Gebro*, 948 F.2d 1118, 1121–22 (9th Cir. 1991). "Section 3142 neither requires nor permits a pretrial determination that the person is guilty; the evidence of guilt is relevant only in terms of the likelihood that the person will fail to appear or will pose a danger to the community." *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986) (citing 18 U.S.C. § 3142; *Motamedi*, 767 F.2d at 1408). "[T]he government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community." *Gebro*, 948 F.2d at 1121.

**III.   ANALYSIS**

In determining de novo whether the government meets its burden to show Mr. Khamthong's release should be revoked, the court has carefully considered the applicable factors. Although the court acknowledges the presumption that no condition or combination of conditions will reasonably assure Mr. Khamthong's appearance and the community's safety under 18 U.S.C.

§ 3142(e)(3)(A), that presumption is overcome here by weighing the applicable factors, as explained below.

Regarding the first factor, the nature and circumstances of the charges Mr. Khamthong faces are serious, and given the charges, his exposure to a lengthy sentence undoubtedly give him pause.  But if he were to flee in an effort to avoid suffering the consequences, he does not have a passport or other travel documents to facilitate departing the country.  As a fugitive, he would be subject to a warrant for his arrest and likely apprehension by the U.S. Marshals at some point, and then face additional charges and penalties for violating pretrial release conditions and failure to appear.  He also would place his wife in a position of having to forfeit funds in the amount of the unsecured bond he has signed.  On balance, the disincentives to flee outweigh the reasons for doing so.  The preponderance of this evidence thus does not favor detention, as the proposed conditions will reasonably assure Mr. Khamthong's appearance.  Moreover, the government puts forward no evidence showing Mr. Khamthong is likely now to engage in conduct similar to the charged offense while on release, let alone clear and convincing evidence, so this factor does not favor detention to assure the community's safety either.

Regarding the second factor, the weight of the evidence, the court gives the factor the least weight, *see Motamedi*, 767 F.2d at 1408, and finds the nature of the charges themselves, although raising a presumption, does not weigh heavily in favor of detention given the availability of restrictive pretrial release conditions.  In addition, the court notes it is undisputed Mr. Khamthong was not present at two transactions supporting some of the charges against him and has not otherwise been seen or apprehended in possession of methamphetamine.  Reply at 3.  The weight of the evidence does not favor detention to assure appearance by a preponderance, nor to assure the community's safety by the clear and convincing standard.

The third factor is Mr. Khamthong's history and characteristics.  Mr. Khamthong has a length criminal history, some of which is reviewed above.  It dates back to 1995, and includes 10 state felony convictions, 1 federal felony conviction, 6 misdemeanor offenses, and many probation and parole violations.  Mot. at 4.  As noted above, in 2016, he pled to a state kidnapping charge.  This criminal history is troubling.  It also appears rooted in a chronic, long-

term and serious drug addiction. Mot. for Bail Review at 5, ECF No. 25; *see also* RT 7:25–8:01 (Magistrate Judge noting his "criminal history is entirely consistent with long-term untreated drug addiction"). He has never been offered or received treatment for the addiction. Mot. for Bail Review at 5; *cf*. RT 8:08–8:22 (MJ observing as much, including that treatment might "be the beginning of turning things around going forward"). The treatment program in which Mr. Khamthong is now participating, successfully, is the first opportunity he has had to address his addiction and he appears to be taking advantage of the opportunity well. While the court realizes relapse is at least a possibility, if Mr. Khamthong were to relapse the court is assured it would be notified and it would then arrange for review of release. Other factors also weigh in favor of release, including Mr. Khamthong's family and community ties, including the presence of his wife who remains supportive after nearly nine years of marriage. *See* Reply at 6. Lastly, the court finds Mr. Khamthong's prior release on his own recognizance following a 2016 guilty plea and subsequent appearance for sentencing several months later, with no new violations during release, confirms his personal history at this stage does not favor detention. *See id.*

      Regarding the fourth factor, the nature and seriousness of the danger to any person or the community posed by Mr. Khamthong's release, this danger is mitigated by Mr. Khamthong's participation in the residential Salvation Army program, given the requirements of the program and the close supervision it provides. The program's robust curriculum includes individual and group counseling, alcohol and drug abuse education and individual spiritual counseling, and anger management classes, as well as Chapel, Bible study and other groups targeted at relapse prevention. Salvation Army Ltr., Addendum, ECF No. 49-1. Mr. Khamthong must participate in regular and random drug testing. *Id.* If Mr. Khamthong either voluntarily leaves or is asked to leave the residential rehabilitation community for failure to comply with its conditions, then the Salvation Army program staff will promptly notify the court's Pretrial Services Officer. *See* Suppl. Br. at 2. In light of these conditions, the government has not shown by clear and convincing evidence that the community's safety cannot be reasonably assured by any combination of conditions. To the contrary, the current conditions of Mr. Khamthong's release do reasonably assure the community's safety, given the Salvation Army program's close

supervision. If Mr. Khamthong is discharged or requests release from the program, the court will revisit whether his release may continue by reevaluating the relevant factors based on the record at that time.

In sum, the court has carefully considered the applicable factors and finds the government has not met its burden to show by a preponderance of the evidence that no combination of factors can reasonably assure Mr. Khamthong's appearance, nor by clear and convincing evidence that no combination of factors can reasonably assure the community's safety.

**IV.   CONCLUSION**

As explained above, the court **denies** the government's motion.

This order resolves ECF No. 32.

IT IS SO ORDERED.

DATED: March 21, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE